BRUCE GOFORTH v. STATE.

No. A-4666.    Opinion Filed March 28, 1925.
(234 Pac. 651.)

(Syllabus.)

Intoxicating Liquors—Unlawful Manufacture—Evidence Sufficient. Evidence examined, and held sufficient to sustain the verdict.

Appeal from County Court, Pawnee County; L. N. Kimrey, Judge.

Bruce Goforth was convicted of manufacturing whisky, and sentenced to pay a fine of $50 and serve 30 days in the county jail, and he appeals. Affirmed.

Taylor & Taylor and P. D. Mitchell, for plaintiff in error.

The Attorney General and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J. The only question involved in this appeal is the sufficiency of the evidence. The record shows that the defendant, Bruce Goforth, his father, and his brother-in-law were jointly charged with making whisky contrary to law. The defendant and his father lived on adjoining farms in the black-jack or scrub oak country; there were but 17 acres of tillable land on the father's farm, on which cotton had been grown. A still and a large quantity of whisky was found near the father's house, on or near the premises, under his control, in the underbrush there abounding. A well-beaten path led from the house to where the still and whisky were found. The defendant's brother-in-law lived in Lincoln county, some miles away. All three men were in the vicinity of the father's house at the time the seizure of the still and whisky was made by the officers.

There were separate verdicts of guilty as to the father and this defendant, and a verdict of not guilty as to the brother-in-law. A new trial was granted the father by the court below on technical grounds, and this defendant alone appeals. The positive testimony of the officers, in connection with the circumstances shown, indicates that the father and son were jointly implicated in making this whisky. It would serve no good purpose to recite the details further. Although some of the evidence was circumstantial, the evidence as a whole was sufficient to support the verdict.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.